By the Court.*—Bosworth, Ch. J.
According to the allegations in the complaint, all of which the defendant, by demurring, admits to be true, the plaintiff and defendant agreed, orally, in January, 1860, that the defendant should enter upon a designated business as soon as he could effect a specified purchase; that the plaintiff was to make certain contributions to such business, and give to it his time and personal attendance. The defendant was to pay him a salary, the amount of which was to be fixed subsequently, to commence at the time of such purchase ; and on the first of January, 1864, the plaintiff was to have one-half of the business in its then condition, subject to one-half of its then liabilities.
That in January and June, I860, the plaintiff received from R. C. Trench the advance sheets of two works to be stereotyped and published, said Trench to have ten per cent, of the retail price of the books, and the remainder of the profits and the plates were to belong to the plaintiff. The plaintiff ordered the stereotype plates made, and relying upon his agreement with and the good faith of the defendant, allowed a bill of sale of the plates to be made to defendant for their price, $450, for which the defendant gave his note.
That the defendant effected the purchase first mentioned, about this time, and although the plaintiff demanded it, the defendant refused, and still refuses to reduce the oral agreement to a written one, and alleges his right and intention to carry on the business for his own exclusive profit; that he has not only refused to sign a written agreement like the oral one, but “declared that he would not be bound by such agreement; that he would not form such a business connection with plaintiff.”
That the plaintiff has at all times been ready and willing, and has offered to perform his part of said agreement, and to have the same reduced to writing and signed by the parties.
That the defendant caused an edition of said works to he printed in his own name, and has advertised them for publication by himself, as successor of J. S. Redfield, and denies that the plaintiff, or Trench, has any right, title, or interest in said plates, editions, or the profits arising therefrom.
*22 That the plaintiff has offered to surrender to defendant the note he gave for the plates, and to indemnify him against loss or any expense in the premises, and has demanded of him the plates, and the sheets, and books manufactured therefrom, which the defendant refuses to surrender; that said works are valuable and salable; that defendant is a man of little or no property, and a judgment in damages against him would not be of any value, as plaintiff believes.
It prays that defendant be adjudged to surrender to the plaintiff “ said plates, sheets, and books, and to account for and pay to plaintiff the proceeds of sales thereof, if any such shall have been made, upon such terms as the court may adjudge,” and also for an injunction and receiver, pendente lite.
I think the complaint is rather inartificial. But it alleges, . in substance, that the defendant is possessed of certain property of the plaintiff, which came to his possession as part of plaintiff's contribution to a business, which he agreed to prosecute for the common benefit of the two, but which business he now refuses to prosecute in connection with "the plaintiff, or otherwise than for his own sole and exclusive benefit.
The whole consideration for the transfer has failed, and that, too, by the Wrongful conduct of the defendant, and without fault on the part of the plaintiff. An action in damages would, •presumptively be of no value, and the plaintiff's damages arenot susceptible of computation, and the property should be restored io him, on such terms as may be just.
■ The complaint is now quite different from the one before us in this case on the appeal reported in 7 Bosw., 649, as Redfield a. Middleton.
That did not allege that the plaintiff had offered to perform the oral contract on his part (Ib., 652). That did not allege that the defendant declared “he would not form such a business connection with the plaintiff,” as he had agreed to do (Ib., 654).
The present complaint shows the extent of Trench’s interest, and also of the plaintiff’s interest, under the contract between them, on the advance sheets and sales of copies of the works.
The present complaint shows, though not as clearly as more formal averments would express it, that the plaintiff has offered to perform all things on his part, and that the defendant *23 refuses to have tlie business connection with the plaintiff agreed upon. The agreement would be void by the Statute of Frauds, and the defendant has given formal notice that he will not be bound by it, or act under it, or permit any thing he may do, to be deemed done under or in part execution of it.
I think the complaint states a cause of action, and that the order appealed from should be affirmed.

 Present, Bosworth, Ch. J., Moncrief and White, JJ.